# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Genaro Evenicio Pina-Aguirre,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-00860-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Mark E. Aspey (Doc. 20).  The Petitioner asserts three grounds for relief.  First, Petitioner contends that state trial court should have, *sua sponte*, conducted a voluntariness hearing prior to admitting as evidence Petitioner's post-arrest statements to the police.  Second, the Petitioner claims that he was denied effective assistance of counsel because his counsel did not:  (1) request a voluntariness hearing; (2) challenge the victim's identification of him; and (3) did not impeach a detective with an interview transcript.  Third, the Petitioner maintains that by not retrieving fingerprints and DNA evidence, "the police conducted a 'faulty investigation[.]'"  R&R (Doc. 20) at 15:6 (emphasis omitted).

 After carefully considering each of these three claims, *see id*. at 9-16, Magistrate Judge Aspey soundly concluded that "[t]he state court's last reasoned decision denying [Petitioner's] claims was not clearly contrary to nor an unreasonable application of federal

law."  (*Id.* at 16:16-17).

In recommending denial of the Petition and dismissal with prejudice, Magistrate Judge Aspey explicitly advised the parties that they had "fourteen (14) days from the date of service of a copy of" that R&R "within which to file specific objections with the Court."  R&R (Doc. 20) at 16:24-25.  Further, Magistrate Judge Aspey explicitly advised that "[f]ailure to file timely objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to do novo appellate consideration of those issues." (*Id.* at 17:2-4) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)).  The Magistrate Judge was equally explicit that "[f]ailure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge."  (*Id.* at 17:5-8).

The parties have not filed objections and the time to do so has expired.  Absent any objections, the Court is not required to review the findings and recommendations in the R&R.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia*, 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and recommendations.  The Court will, therefore, accept the R&R, deny the Petition and dismiss this matter with prejudice.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED ACCEPTING AND ADOPTING** as an Order of this Court Magistrate Judge Aspey's R&R (Doc. 20);

1  **IT IS FURTHER ORDERED DENYING AND DISMISSING WITH PREJUDICE** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1);

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right; and

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 6th day of January, 2015.

Honorable Diane J. Humetewa
United States District Judge